ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
AARON BERLIN, FEIGE ZARETSKY.

                       Plaintiffs,

-against-

LINDA K. MEIJIAS individually and in her
official capacity, ELLEN W. MAURER,
GOLDMAN & MAURER, LLP,
JUDGE EDWARD A. MARON individually
and in his official capacity, JUDGE SHARON
M. J. GIANELLY in her official capacity,
and JOHN DOE 1-10, JANE DOES 1-10.

                       Defendants.
--------------------------------------------------X

FILED
CLERK
2015 SEP 14 PM 3:05
U.S. DISTRICT COURT
EASTERN DISTRICT

Civil Action No.

**CV 15      5308**

COMPLAINT

**AZRACK, J.**

JURY TRIAL DEMANDED

**SHIELDS, M.J.**

Plaintiffs, Feige Zaretsky, Aaron Berlin, as and for their complaint alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985 1986 and 1988; and pursuant to the Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S. C. §§ 1331, 1343(1-4), and 2202. This court has supplemental jurisdiction over Plaintiffs state law claims under 28 U.S.C. 1367(a).

2. Venue is proper in this district under 28 U.S.C. § 1391(b), because the events the events giving rise to the claims in this action occurred in this district.

1

## THE PARTIES

3. The Plaintiff AARON BERLIN is above the age of eighteen years, and is domiciled at 1909 New York Avenue Brooklyn, New York 11210.

4. The Plaintiff FEIGE ZARETSKY is a woman over the age of 18 years and is domiciled at 10 Chestnut Drive, Plainview, New York 11803. Additionally, Plaintiff FEIGE ZARETSKY is deaf from birth, severely learning disabled, and the daughter of Plaintiff AARON BERLIN.

5. Defendant ELLEN W. MAURER ("ELLEN MAURER") is a person above the age of 18 years, with a working address at 475 Northern Boulevard, Suite 24, Great Neck, New York 11021.

6. Defendant GOLDMAN & MAURER, LLP ("GOLDMAN & MAURER") is believed to be a New York State registered corporate entity, with a business address at 475 Northern Boulevard, Suite 24, Great Neck, New York 11021.

7. Defendant LINDA K. MEIJIAS ("LINDA MEIJIAS") is a person over the age of 18 years and maintains a working address at 400 County Seat Drive, Mineola, New York 11501.

8. Defendant JUDGE EDWARD A. MARON ("JUDGE MARON") is a person over the age of 18 years and maintains a working address at 400 County Seat Drive, Mineola, New York 11501.

9. Defendant JUDGE SHARON M. J. GIANELLY ("JUDGE GIANELLY") is a person over the age of 18 years and maintains a working address at 400 County Seat Drive, Mineola, New York 11501.

10. Defendants JOHN DOE 1-10 and JANE DOES 1-10 are fictitious names of persons whose identity is currently unknown to Plaintiffs, and who are believed to be over the age of 18 years and who willfully participated directly in the allegations set forth herein.

## **BACKGROUND FACTS & NATURE OF THE CASE**

11. On or about April 29, 2014, the Defendant ELLEN MAURER, acting on behalf of Defendant GOLDMAN & MAURER, and acting on behalf of their client, Harold Zaretsky, a non-party to the action herein, while at the New York State Supreme Court, County of Nassau ("State Courthouse"), located at 400 County Seat Drive, Mineloa, New York, brought a post judgment order to show cause ("Proceeding") before Defendant JUDGE. MARON, for a post-judgment monetary enforcement matter relating to a mortgage payment dispute, as well as to foreclose Plaintiff FEIGE ZARETSKY of her real property rights.

12. That on May 14, 2014 the Plaintiffs herein filed an action ("RICO") in the United States Court, Eastern District of New York, seeking inter alia to stop defendants therein, including the client of Defendant GOLDMAN & MAURER, from continuing in a scheme to victimize Plaintiffs herein.

3

13.  From at least late 2013, the Defendant ELLEN MAURER, acting on behalf of Defendant GOLDMAN & MAURER, was involved in the victimization scheme against Plaintiffs.

14. By early January 2014, the Defendant ELLEN MAURER, acting on behalf of Defendant GOLDMAN & MAURER, as well as the defendants in the federal RICO action had notice of the Plaintiffs intent to bring the aforesaid RICO action, which was well in advance of bringing the aforementioned post judgment order to show cause or "Proceeding".

15. That since late June 2014, the defendants herein had notice that aforesaid RICO action had been filed.

16. The Defendant ELLEN MAURER, acting on behalf of Defendant GOLDMAN & MAURER, knew when she brought the aforesaid Proceeding that it was entirely false and based on fraudulent claims and facts, but was motivated solely to bring it in order to stop Plaintiffs from properly pursuing their RICO action by entangling them in an illegal, abusive litigation, and thereby depriving same from exercising their constitutional rights and protections, and thereby allow the furtherance of the aforesaid victimization scheme against Plaintiffs.

17. The Defendant ELLEN MAURER, acting on behalf of Defendant GOLDMAN & MAURER, in furtherance of, and in support of the aforesaid motive, did join together with Defendants LINDA MEIJIAS and JUDGE MARON.

18. The defendants herein at all times relevant to the instant action were acting without and in absence of any and all subject matter jurisdiction.

19. The instant Federal action is for declaratory relief declaring the proceedings in the state court relevant to this action a nullity, and that Plaintiffs herein were being deprived of their constitutional rights.

20. The instant Federal action is also for injunctive relief to the extent permitted by law, or where declaratory relief fails.

21. The instant Federal action is also for monetary and punitive damages, including but not limited to, for damages resulting from the scheme to harass, intimidate, entangling Plaintiffs in lengthy illegal litigation, impede Plaintiffs from pursuing their aforementioned RICO action, and for harming the Plaintiffs income, property interests, liberty and health.[1]

## FACTS

22. On or about June 26, 2014, the Plaintiff FEIGE ZARETSKY filed for bankruptcy protection under Chapter 13 at the Bankruptcy Court in Eastern District of New York.

23. On or about June 27, 2014, aforementioned Proceeding was removed to the aforesaid Bankruptcy Court under the Federal Bankruptcy Procedures & Rules, by duly filing a Notice of Removal of the said Proceeding with the Bankruptcy Court in Eastern District of New York.

24. On or about June 27, 2014, a true copy of the said Notice of Removal was filed with the clerk of the Nassau County Supreme Court, located at 400 County Sear Drive, Mineola, New York.

---

[1] Due to the emergency of the contempt proceedings and *Pidyon Shvuyim* of imminent arrest and bodily harm, plaintiffs received religious rabbinical authority to effectuate this filing and immediate service through a non Jewish firm during the *Rosh Hashana* holiday.

5

25. On or about June 27, 2014, a true copy of the aforementioned Notice of Removal was filed with the office of Defendant JUDGE MARON at the Nassau County Supreme Court, located at 400 County Sear Drive, Mineola, New York.

26. On or about June 27, 2014, a true copy of the aforementioned Notice of Removal was served upon the office of Defendant ELLEN MAURER at 475 Northern Boulevard, Suite 24, Great Neck, New York 11021.

27. In accordance with the aforesaid removal, the New York State Supreme Court, County of Nassau, lost subject matter jurisdiction over any and all matters contained in the said removed Proceeding.

28. In furtherance of the aforesaid Proceeding removal, the defendants herein and parties therein were stayed from proceeding in any manner in the removed Proceeding.

29. As a result of the aforesaid filing and service of Notice of Removal, the defendants herein were fully aware that subject matter jurisdiction over any and all matters contained in the said removed Proceeding had been lost for proceeding in state court.

30. As a result of the aforesaid filing and service of Notice of Removal, the Defendants herein, other than JUDGE GIANELLY, were fully aware of the removal from June 27, 2014, or at minimum from July1, 2014.

31. That as of the date of the filing of the instant federal action there has been no remand of the removed Proceeding to the state court.

32. On or about July 1, 2014, while at the aforesaid state courthouse, in the forenoon of the day, the Defendant ELLEN MAURER, on behalf of Defendant GOLDMAN & MAURER, together with Defendant LINDA MEIJIAS on her own behalf, and on behalf of JUDGE MARON, were provided for a second time with a copy of the Notice of Removal of the aforesaid removed Proceeding.

33. On or about July 1, 2014, while at the aforesaid state courthouse, in the forenoon of the day, subsequent to the aforesaid second service, the Defendant ELLEN MAURER, acting in her own individual capacity, and on behalf of Defendant GOLDMAN & MAURER, together with Defendant LINDA MEIJIAS did maliciously conspire with willful intent to cause harm under color of law against the Plaintiff Feige Zaretsky, via conducting and ex-parte conversation, with Defendant ELLEN MAURER stating *inter alia* that the Plaintiff is deaf and learning disabled, and without legal counsel, and that her federal actions are just a joke and will be ignored that the removal of the Proceeding by Plaintiff' Feige Zaretsky will be fully ignored, and they then continued to further discuss matters relating to the removed Proceeding.

34. On or about September 16, 2014, the Defendant ELLEN MAURER together with Defendant JUDGE MARON and Defendant LINDA. MEIJIAS did maliciously conspire with willful intent to cause harm under color of law against the Plaintiff Feige Zaretsky, via conducting and ex-parte conversation and where JUDGE. MARON together with Defendant LINDA MEIJIAS stated/acknowledged that the removal by Plaintiff' Feige Zaretsky will be fully ignored.

35. On September 17, 2014, the Defendant ELLEN MAURER together with Defendant JUDGE MARON and Defendant LINDA MEIJIAS, in furtherance of their willful

7

conspiracy to cause harm under color of law against the Plaintiff Feige Zaretsky, did cause to be issued an order signed by Defendant JUDGE MARON granting the relief sought in the removed Proceeding (September 17, 2014 Order").

36. Defendant JUDGE MARON, despite having illegally granted the relief sought in the removed Proceeding, he further ordered additional hearing for no purpose other than to promote and further the aforesaid scheme against Plaintiffs.

37. On or about October 2, 2014, Defendant ELLEN MAURER and Defendant GOLDMAN & MAURER became officially defendants in the RICO action.

38. On or about October 21, 2014, at the state courthouse, Defendant JUDGE MARON, as part of the conspiracy to inflict harm against the Plaintiff Feige Zaretsky, did acknowledge in ex-parte communication with Defendant MAURER that the Proceeding had been removed, that there was no order of remand, and that despite the aforesaid he is ignoring his lack of jurisdiction over the pending removed Proceeding.

39. From late October 2014 up to and including July 2015, Defendant ELLEN MAURER, and while acting on behalf of Defendant GOLDMAN & MAURER, in concert and conspiracy with the defendants herein, caused the furtherance of the aforesaid scheme to continue through the Nassau County family Court by using the illegal litigation has a pretense to continue the scheme, by bringing false and abusive claims based on the illegal Proceeding.

40. On April 14, 2015, Defendant LINDA MEIJIAS, acting on her own behalf and on behalf of Defendant JUDGE MARON requested of Defendant ELLEN MAURER to provide her with "some support" to cover their position in the conspiracy and to

fictionally show that there is no removal pending of the "removed Proceeding" in the Bankruptcy Court.

41. Thereafter on or about April 30, 2015, at the state courthouse, in the forenoon of the day, the Defendant ELLEN MAURER, acting in her own individual capacity, and on behalf of Defendant GOLDMAN & MAURER, in furtherance of her conspiracy with Defendants LINDA MEIJIAS and JUDGE MARON, did willfully and maliciously provide perjured statements under oath representing to Defendant JUDGE MARON that there is no pending removed Proceeding in the Bankruptcy Court.

42. On or about June 23, 2015, at the state courthouse, in the forenoon of the day, Defendant ELLEN MAURER, acting in her own individual capacity, and on behalf of Defendant GOLDMAN & MAURER, in furtherance of her conspiracy with Defendants LINDA MEIJIAS and JUDGE EDWARD MARON, and in furtherance of the aforementioned conspiracy to harm Plaintiff Feige Zaretsky, again did falsely state that the removed Proceeding was no longer pending in the Bankruptcy Court.

43. On or about June 23, 2015, at the state courthouse, in the forenoon of the day, Defendant LINDA MEIJIAS did mock and cause embarrassment to Plaintiff Feige Zaretsky with intent to intimidate same, while acknowledging that she was aware of the RICO action and that the removed Proceeding was pending at that time before Hon. Joan M. Azrack in the federal court.

44. On or about July 7, 2015, despite that the relief sought in the removed Proceeding had been previously granted by Defendant JUDGE MARON, in furtherance of the aforesaid conspiracy, did issue further needless orders in the removed Proceeding to the harm and detriment of Plaintiff Feige Zaretsky.

9

45. On or about July 20, 2015, at the state courthouse, Defendant JUDGE MARON, in furtherance of the aforesaid conspiracy, did again issue further illegal orders in the removed Proceeding, while contradicting his prior illegal orders, all to the harm and detriment of Plaintiff Feige Zaretsky.

46. On or about July 21, 2015, at the state courthouse, Defendant JUDGE MARON, as part of the conspiracy to inflict harm and detriment upon the Plaintiff Feige Zaretsky, did speak ex-parte to Plaintiff Aaron Berlin, and Plaintiff Feige Zaretsky, and absurdly stated, using the Yiddish language, that his reason for proceeding against Plaintiff Feige Zaretsky in the removed Proceeding was because she had no lawyer and should not be appearing pro se.

47. That between early July 2015 and early September 2015, the Defendant ELLEN MAURER, on behalf of Defendant GOLDMAN & MAURER, did send to Plaintiff Feige Zaretsky on various dates thereof, emails with threatening content, to further cause said Plaintiff harm and detriment, in furtherance of the said conspiracy.

48. On September 10, 2015, the Defendant ELLEN MAURER, acting on her own behalf, and on behalf of Defendant GOLDMAN & MAURER, did bring an illegal and false emergency show cause for contempt seeking to further the aforesaid conspiracy.

49. On September 10, 2015, the Defendant LINDA MEIJIAS did attempt to effectuate service of the aforesaid contempt show cause upon a third party, absent contempt of Plaintiff Feige Zaretsky.

50. On September 10, 2015, while at the aforesaid state courthouse, the Defendant JUDGE GIANELLY was provided with formal Notice of the removed proceeding.

10

51. Thereafter, on September 10, 2015, while at the aforesaid state courthouse, in the forenoon of the day, the Defendant ELLEN MAURER, acting in her own individual capacity, and on behalf of Defendant GOLDMAN & MAURER, together with Defendant LINDA MEIJIAS, acting in concert and conspiracy with Defendant JUDGE MARON, did partake in repeated ex-parte conversations related to the removed Proceeding and related to recruiting Defendant JUDGE GIANELLY, to act on behalf of the said conspiracy.

52. Soon thereafter, on September 10, 2015, while at the aforesaid state courthouse, in the forenoon of the day, subsequent to the aforesaid service, the Defendant ELLEN MAURER, acting in her own individual capacity, and on behalf of Defendant GOLDMAN & MAURER together with Defendant LINDA K. MEIJIAS, acting in concert and conspiracy with Defendant JUDGE MARON, did cause to recruit into the aforesaid conspiracy the Defendant JUDGE GIANELLY, and to further proceed in the removed Proceeding with orders containing inter-alia threats of harm and loss of liberty against Plaintiff Feige Zaretsky.

53. Not a single record of transcript is to be found of the Proceeding since the initiation of the Proceeding.

54. All defendants herein were aware during all times relevant to the instant action that no remand had occurred of the removed Proceeding.

55. All defendants herein acted willfully and maliciously, as well as jointly and severally in all of the above allegations.

56. Plaintiff Feige Zaretsky has no remedy under law other than proceeding in the herein action.

57. The acts of defendants herein remain current and ongoing into the future.

58. For all purposes herein the Plaintiff Aaron Berlin is being damaged as an equitable owner/partner in the real property at 10 Chestnut Drive, Plainview, New York, as aforementioned. Moreover, the defendants herein were at all times fully cognizant that Plaintiff Aaron Berlin, as the father of Plaintiff Feige Zaretsky, a woman that is deaf from birth and severely learning disabled, is the person currently acting as her personal caretaker, financial provider, and person responsible for her safety and well being, and that as a result of the above, all of the aforesaid allegations committed by defendants herein, were likewise directed at Plaintiff Aaron Berlin.

## DAMAGES

59. Both Plaintiffs herein were directly harmed, by their person and property, including with emotional trauma, caused by the defendants herein through and by their aforementioned acts.

## CAUSES OF ACTION

60. Plaintiffs repeat and reallege each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

61. As a direct result of the acts, omissions, and policies of the defendants, the Plaintiffs were deprived of their rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

62. As a direct result of the acts, omissions, and policies of the defendants, the Plaintiffs were deprived of their rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1985.

63. As a direct result of the acts, omissions, and policies of the defendants, the Plaintiffs were deprived of their rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1986.

64. As a direct result of the acts, omissions, and policies of the defendants, the Plaintiffs were deprived of their rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983.

65. As a direct result of the acts, omissions, and policies of the defendants, the Plaintiffs were deprived of their rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. §1985.

66. As a direct result of the acts, omissions, and policies of the defendants, the Plaintiffs were deprived of their rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. §1986.

67. As a direct result of the acts, omissions, and policies of the defendants, the Plaintiffs were deprived of their rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1988

68. As a direct result of the acts, omissions, and policies of the defendants, the Plaintiffs were deprived of their rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. §1988

69. As a direct result of the acts, omissions, policies and abuse of process by the defendants, the Plaintiffs were deprived of their rights under New York common law.

70. As a direct result of the acts, omissions, policies and injurious falsehood by the defendants, the Plaintiffs were deprived of rights under New York common law.

71. As a direct result of the acts, omissions, policies and civil conspiracy by the defendants, the Plaintiffs were deprived of their rights under New York common law.

72. As a direct result of the acts, omissions, policies by the defendants, the Plaintiffs were caused intentional infliction of emotional distress.

(Alternative Relief)

73. As a direct result of the acts, omissions, policies by the defendants, the Plaintiffs were caused negligent infliction of emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court will grant

judgment against defendants, jointly and severally, for declaratory relief declaring that the proceedings, orders, judgments, are null and void, and violated Plaintiffs constitutional and common New York rights and for injunctive relief barring the defendants from proceeding in the removed action; and for monetary and compensatory damages; and any legal fees; and any other relief this Honorable court deems just and proper.

DATED: BROOKLYN, NEW YORK
September 11, 2015

_____
AARON BERLIN
Plaintiff Appearing Pro Se
1909 New York Avenue
Brooklyn, New York, 11210
347 254-3532

_____
FEIGE ZARETSKY
Plaintiff Appearing Pro Se
10 Chestnut Drive
Plainview, New York, 11803
347 254-3532