

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**
September 24, 2015

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL
≈≈≈≈
200 Old Country Road – Suite 240
Mineola, New York   11501-4239
516/ 248-3312   [direct #]
516/ 248-3302   [general #]
516/ 747-6432   [fax  #]

REGIONAL OFFICE DIVISION
NASSAU REGIONAL OFFICE
≈≈≈≈
Writer's e-mail address:
Ralph.Pernick@ag.ny.gov

Honorable Joan M. Azrack                        Via ECF
United States District Judge
c/o Clerk, United States District Court
100 Federal Plaza
Central Islip, New York  11722

    Re:   Berlin v. Mejias
           15 CV 5308  (AMZ) (AYS)

Dear Judge Azrack:

I am the Assistant Attorney General who has been assigned to represent the Honorable Edward A. Maron, Supreme Court Justice, the Honorable Sharon M. J. Gianelli, Supreme Court Justice, and Linda K. Mejias (Justice Maron's law secretary) who are defendants in this *pro se* action.  I respectfully submit this letter application pursuant to Section IV(B) of the Court's Individual Rules, seeking either a pre-motion conference for a motion to dismiss, or an order permitting them to serve their motion without a pre-motion conference.

The plaintiffs are Aaron Berlin and his daughter Feige Zaretsky ("Aaron" and "Feige" respectively). Feige was a defendant in a matrimonial action brought approximately eleven years ago. *Harold Zaretsky v. Feige Zaretsky*, Index # 202667/04 (Supreme Court, Nassau County). According to papers filed in the matrimonial action and in other actions in Supreme Court, Nassau County, and in the United States Bankruptcy Court for the Eastern District of New York, there has been extensive litigation between Feige and Aaron (on the one hand) and Harold and others (on the other hand). As relevant here, the judgment of divorce initially awarded Feige sole title of the former marital residence. The judgment was revised in 2008, to provide that Feige and Harold would each have a one-half undivided interest in the residence. Alleging that Feige had not made mortgage payments or insurance payments, Harold moved in Supreme Court, Nassau County for an order directing either an immediate private sale of the residence to a bona fide purchaser for value, or (if the residence was to be sold in a private sale) to

Hon. Joan M. Azrack
September 24, 2015
Page 2

determine the current amount of the mortgage arrears so that his share of the net sales proceeds could be reduced by the outstanding mortgage arrears. Feige filed opposing papers and Harold filed reply papers, but before the motion could be decided, Feige filed a Chapter 13 bankruptcy petition on June 26, 2014 (# 8-14-72963). On the following day, Feige filed a notice of removal in the Bankruptcy Court with respect to the matrimonial action, where it was opened as an adversary proceeding (# 8-14-08187).

In the present action, Feige and Aaron contend that Justice Maron, Justice Gianelli, and Law Secretary Mejias are not entitled to absolute judicial immunity with respect to post-removal activities in the matrimonial action. (Feige's Chapter 13 proceeding was dismissed in September 2014 for failure to file information; she contends that notwithstanding the dismissal of the proceeding, the removed matrimonial action remains pending in Bankruptcy Court because there has been no formal order of remand.) More specifically, they contend in the present action that removal of the matrimonial action deprived the State Court of subject matter jurisdiction [Complaint ¶ 27].

The proposed motion would primarily contend that Justice Maron and Justice Gianelli have absolute judicial immunity notwithstanding removal of the matrimonial action. Judicial officers enjoy such immunity unless they act in the clear absence of all subject matter jurisdiction (*e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11 [1991]; *Stump v. Sparkman*, 435 U.S. 349, 356-357 [1978]), "the scope of the judge's jurisdiction [is] to be construed broadly" (*Stump*, 435 U.S. at 356), and "even if [the judge's] exercise of authority is flawed by the commission of grave procedural errors" (*Stump*, 435 U.S. at 359).

Judicial officers do not forfeit absolute judicial immunity by taking action notwithstanding removal of an action to federal court. *Bradt v. Smith*, 634 F.2d 796 (5th Cir. 1981), *cert. denied*, 454 U.S. 830 (1981); *Vargas v. Wughalter*, 2009 U.S. Dist. LEXIS 67129, at *7, 08 Civ 11378 DC (S.D.N.Y. July 30, 2009), (rejecting plaintiff's argument that the judge acted without jurisdiction because " 'there had been no remand of the case from the Federal District Court' back to the state Civil Court"), *affirmed*, 380 Fed. Appx. 110 (2d Cir. 2010), *cert. denied*, 562 U.S. 1220 (2011). *See also Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) (State judge did not act in the clear absence of all subject matter jurisdiction even though State Supreme Court had previously issued a writ of prohibition stating that the judge "patently and unambiguously lacked jurisdiction" in the underlying action).

Indeed, even where a judge disregards the automatic stay imposed by the commencement of a bankruptcy proceeding, the judge still enjoys absolute judicial immunity. *Salem v. Paroli*, 79 Fed. Appx. 455, 456 (2d Cir. 2003) ("All claims for damages against Acting Supreme Court Justice James D. Pagones are barred by the doctrine of judicial immunity, see *Stump v. Sparkman*, 435 U.S. 349, 360, 55 L. Ed. 2d, 331, 98 S. C.t 1099 (1978), and all claims against Justice Pagones for injunctive relief are barred by 42 U.S.C. § 1983"), *affirming* 260 B.R. 246 (S.D.N.Y. 2001)).

Hon. Joan M. Azrack
September 24, 2015
Page 3

Among other arguments to be included in the proposed motion (this is not an exhaustive list) are the following:

[a] 42 U.S.C. § 1983, as amended in 1996, bars injunctive relief sought by plaintiffs against Justice Maron and Justice Gianelli;

[b] injunctive relief and declaratory relief are also barred because the underlying bankruptcy proceeding was dismissed one year ago;

[c] as Justice Maron's law secretary, defendant Mejias is also entitled to absolute immunity under *Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir. 2009) ("Muldoon is entitled to absolute immunity as a law clerk to a state court judge because he was acting in a judicial capacity;" and cited cases).

Both Aaron and Feige have brought a number of unsuccessful *pro se* actions in this Court and in the Bankruptcy Court, and are familiar with judicial proceedings. 1/ For the reasons set forth above, it is respectfully submitted that a promotion conference either be waived, or be scheduled with respect to the proposed motion to dismiss by Justice Maron, Justice Gianelli, and Ms. Mejias.

Respectfully submitted,

Ralph Pernick
Assistant Attorney General

RP:hs — Berlin promotion conf ltr
cc: Mr. Aaron Berlin (with LEXIS-cited cases)
    Ms. Feige Zaretsky          "          "
    Hon. Edward A. Maron
    Hon. Sharon M.J. Gianelli
    Linda K. Mejias, Law Secretary

---

1/ District court: *Berlin v. Maxi-Aids, Inc.* (10 CV 3771; dismissed for failure to prosecute; dismissal affirmed, 529 Fed.Appx. 97 [2013]); *Berlin v. Maxi-Aids, Inc.* (14 CV 3028; discontinued as to four judicial defendants); *Harold Zaretsky v. Feige Zaretsky* (14 MC 1578; denying without prejudice Feige's motion to withdraw reference to bankruptcy court); *Feige Zaretsky v. Michael J. Macco, Trustee* (14 CV 6808, pending appeal from bankruptcy court dismissal of latest Chapter 13 proceeding; see below).

Bankruptcy court (Chapter 13 proceedings commenced by Feige Zaretsky): 11 BK 70002 (dismissed for failure to make plan payments); 11 BK 74257 (dismissed for failure to prosecute); 14 BK 72963 (dismissed for failure to file information; on appeal to district court [14 CV 6808]).